UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

NIKOLAOS SPANOS,                                          Case No.

                                        Plaintiff,

        - against -
                                                          **COMPLAINT**

THE COUNTY OF SUFFOLK,
                                                          Jury Trial Demanded

                                        Defendant
----------------------------------------------------------------------X


        Plaintiff NIKOLAOS SPANOS, by his attorneys, CAMPANELLI & ASSOCIATES, P.C.,

as and for his complaint against Defendant, the County of Suffolk, respectfully alleges as

follows:

## I.        <u>Introduction</u>

        1.        This case is the latest in a string of civil rights actions brought against the County

of Suffolk based upon the County's ongoing failure and refusal to comport with multiple federal

court decisions issued by the United States Court of Appeals for the Second Circuit, and the

U.S.D.C., Eastern District of New York, requiring the County to afford due process to the owners

of motor vehicles, which the County has seized.

        2.        The County has implemented and maintained policies, practices, and procedures

under which it makes warrantless seizures of motor vehicles, retains them, and/or disposes of

them, while ensuring that they deprive persons who possess ownership in, or rights to use and

possess, those vehicles, of due process in connection with the loss of their vehicles.

3.      Consistent with such policies, practices, and procedures, the defendant, County of Suffolk, made a warrantless seizure of a motor vehicle leased by the Plaintiff, refused to release his leased vehicle back to him, and refused to afford the Plaintiff due process while depriving the Plaintiff of his vehicle on a continuing basis.

4.      As a result, the Plaintiff brings this action to seek redress for the County depriving him of his property without due process, in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments, and to challenge the County's unconstitutional policies, practices, and procedures as more fully described herein below.

5.      Plaintiff has commenced this action pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## II.      Jurisdiction and Venue

6.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

7.      Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

8.      In addition, Plaintiff seeks reasonable attorneys' fees and expert fees (if any) as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

9. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in Suffolk County, New York.

### III. The Parties

10. Plaintiff Nikolaos Spanos ("Plaintiff") is an individual residing in the State of New York, County of Suffolk.

11. Upon information and belief, the defendant, THE COUNTY OF SUFFOLK, is a municipal corporation organized and operating under New York State law, with a principal place of business situated at 100 Veterans Memorial Highway, Hauppauge, NY 11788.

### IV. Preliminary Facts

12. In the seminal case of Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002), the United States Court of Appeals for the Second Circuit ruled that when a local municipality makes a warrantless seizure of a motor vehicle in connection with an arrest, and seeks to retain continuing possession of the vehicle to seek its forfeiture, the municipality is required to provide the owner of such vehicle with a prompt post-seizure hearing.

13. Such a hearing, commonly referred to as a "Krimstock hearing," must be held before a "neutral finder of fact."

14. At such hearing, the seizing municipality must prove, by a preponderance of evidence introduced at the hearing, that the municipality meets a three-pronged test, in the absence of which, the municipality cannot continue to retain the seized vehicle, and the hearing officer cannot order the retention of same.

15.     Specifically, the municipality must prove: (1) whether probable cause existed for the arrest of the operator, (2) whether it is likely that the municipality will prevail in an action to forfeit the vehicle, and (3) whether it is necessary that the vehicle remain impounded to ensure its availability for forfeiture. *See, e.g.,* Boyle v. County of Suffolk, 2010 WL 4340727, E.D.N.Y. 10-cv-3606.

16.     Despite the fact that Krimstock has been clearly established law for more than two decades, the County of Suffolk has never comported with its requirements, and never afforded persons from whom vehicles have been seized with due process.

17.     While the County has implemented a *faux* hearing process, that process has never complied with the due process requirements mandated under Krimstock.

18.     As an initial matter, the County has appointed persons as "hearing officers" to preside over such hearings, while never having trained or supervised them.

19.     As a result, the County's hearing officers issue orders ordering the County to retain seized vehicles on a continuing basis without ever requiring the County to meet the requirements of Krimstock.

20.     County-appointed hearing officers who have been presiding over "Krimstock" hearings for a decade, have never heard of the "Krimstock" case, which is the functional equivalent of a purported abortion rights attorney having never heard of Roe vs. Wade.

21.     *See, e.g.,* Exhibit "F" – that being a transcript of a County retention hearing conducted on May 26, 2023, wherein an attorney for a vehicle owner cited Krimstock v Kelly, and the hearing officer who had presided over hundreds of Krimstock hearings, had apparently never heard of Krimstock and thus responded to counsel's argument by asking: *"Do you have a copy of that, Krimstock v. Kelly?" See* Exhibit "F" at page 10, lines 3-4.

23.     Even worse, in conducting such hearings, the hearing officers do not act as neutral finders of fact but instead act as advocates for the County.

24.     As an apparent result of such lack of training, the County's hearing officers have apparently never applied the due process requirements articulated under Krimstock to any hearings afforded to anyone whose vehicle has been seized by the County of Suffolk.

A.    **Lack of Notice Requirements and Procedures**

25.     As has been clearly established since the 14th Amendment was adopted, the critical components of due process are (a) notice and (b) an opportunity to be heard.

26.     In seizing motor vehicles and affording their owners *faux* hearings, the County has never implemented any procedure to ensure that the persons with interests in such vehicles receive either timely (or proper) notice of any hearing, and the hearing officers appointed by the County never require the County to establish that a vehicle owner has received notice of the hearing.

27.     As a result, many vehicle owners do not receive timely notice of their hearings or notices which accurately describe the nature of the hearing.

28.     By way of example, is the Plaintiff's case herein.

29.      The motor vehicle that is the subject of this action is a 2022 Chevrolet, which the Plaintiff, Nikolaos Spanos, leased from ACAR leasing.

30.     As the lessee, the Plaintiff possesses an immediate right to use and possess such vehicle, both of which are property rights that he cannot be denied without due process. *See* Alexandre v. Cortes, 140 F.3d 406 (2nd Cir. 1998).

31.     The Plaintiff's son borrowed his father's car and thereafter was apparently arrested for DWI.

32.     The County seized the vehicle and scheduled a <u>Krimstock</u> hearing for the purported purpose of obtaining an order directing the County to retain continuing possession of the vehicle until the County commences and concludes a forfeiture action to secure civil forfeiture of the vehicle.

33.     Since the Plaintiff is the registered owner and lessee of the vehicle, the County purportedly provided notice to the Plaintiff, a copy of which is annexed hereto as Exhibit "A."

34.     The notice received by Plaintiff is dated **January 12, 2024** (*See* Exhibit "A" at page 1), and advises Plaintiff that his hearing is to take place on **January 16, 2024** (See Exhibit "A" at page "2").

35.     However, the Plaintiff never received timely notice for the hearing because the County did not mail the notice to him *until after the hearing had occurred*.

36.     As reflected upon the envelope in which the notice was mailed to the Plaintiff by the County, postage was affixed to the envelope on **January 17, 2024**, via an ink imprint on a *Neopost* postage machine. *See* a true copy of the envelope annexed hereto as Exhibit "B" on the upper right-hand corner.

37.     Since the County did not mail the notice to the Plaintiff until <u>after</u> the hearing, the Plaintiff did not receive notice of the hearing until <u>after</u> the scheduled date. As a result, he was precluded from appearing at the hearing and asserting his rights at same.

38.     Inexplicably, the Plaintiff then received a "determination" wherein it is alleged that a hearing occurred on **1/26/2024** and that based upon his default in appearing, the hearing officer ordered the County to retain the Plaintiff's vehicle "pending resolution of a forfeiture proceeding" (which the County never commenced). *See* a copy of the "determination" annexed hereto as Exhibit "C."

39.     However, the Plaintiff never received any written notice of any 1/26/2024 retention hearing. The only written notice he ever received was the one annexed to this complaint as Exhibit "A."

40.     The fact that the County did not provide notice of the hearing to the Plaintiff until after the date of the hearing is exacerbated by the fact that, as logic would dictate, the hearing officer did not require the County to establish that timely notice had been provided to the Plaintiff before entering a judgment by default against the Plaintiff.

41.     This is because, having not been trained to ask for such proof, the County's hearing officers never ask for proof that the owner received timely notice of the hearing before entering default determinations against them, as occurred here.

42.     Upon information and belief, the insufficient notice provided to the Plaintiff is not an isolated event. Nor is the hearing officer's failure to require the County to prove that a vehicle owner received notice before entering a default judgment against them.

43.     But even when notice is provided to a vehicle owner in a timely fashion, the notice is often defective because it often provides the owner with false information.

44.     By way of example, a true copy of a notice of hearing received by a vehicle owner dated March 8, 2024, is annexed hereto as Exhibit "D."

45.     Within such notice, the County explicitly advised the vehicle owner that: (a) their hearing is going to be held pursuant to Suffolk County Code Chapter 270 and (b) the determinations that are to be made at the hearing are to be governed under Suffolk County Code Section 270-26(B)(1). *See* Exhibit "D."

46.     Such notice was defective because Suffolk County Code Section 270-26(B)(1) does not exist, and Chapter 270 of the Code was repealed roughly a decade ago. This means that the County notified the vehicle owner that a hearing would be held pursuant to a law that does not exist.

47.     When vehicle owners "look up" the cited code provisions to appraise themselves of the procedure under which their retention hearing will be conducted, they find that - - as was adopted roughly three years ago, - - a *new* section 270 was adopted, which pertains to *advertising materials*. *See* a true copy of Suffolk County Code Chapter 270 annexed hereto as Exhibit "E."

48.     Both the lack of timely notice being provided to the Plaintiff herein, and the false notices mailed to other vehicle owners are due entirely to the County's failure to implement policies, practices, and procedures which ensure: (a) the vehicle owners received timely and accurate notice, and (b) that the County appointed hearing officers do not enter default judgments against vehicle owners without requiring the County to prove that such owners received timely and accurate notices of such hearings.

**B.**     <u>The County Appointed Hearing Officers' Refusal to Apply Krimstock</u>

49.     Even worse than the lack of notice is the fact that, upon information and belief, the County's hearing officers never apply the requirements of <u>Krimstock</u>, never require the County to establish that it meets the three-pronged <u>Krimstock</u> test before directing the County to retain continuing possession of seized motor vehicles, and incredibly, "shift the burden of proof" in such hearings onto vehicle owners, in direct violation of the holding of <u>Krimstock</u>, and the mandates handed down by the United States Court of Appeals more than twenty years ago.

50.     As has been made crystal clear by both the United States Court of Appeals for the Second Circuit and the United States District Court in the Eastern District of New York, "neutral hearing officers" cannot order a municipality to retain continuing possession of a vehicle seized (without a warrant), for the purpose of continuing to hold the vehicle while they pursue civil forfeiture of the vehicle, unless the seizing municipality meets the <u>Krimstock</u> requirements.

51.     More specifically, the municipality <u>must prove, by a preponderance of the evidence</u> it submits into the record at a <u>Krimstock</u> hearing, that it meets the three-pronged <u>Krimstock</u> test, in the absence of which the hearing officer must order the vehicle to be released *See, e.g.,* <u>Boyle v. County of Suffolk</u>, 2010 WL 4340727, E.D.N.Y. 10-cv-3606.

(i)     The Hearing Officers do not Require the
County to Introduce Evidence at Krimstock Hearings

52.     As conducted by the County's hearing officers, however, the County is not required to introduce any evidence, whatsoever, into the record, to prevail at a <u>Krimstock</u> hearing.

53. *Instead*, having not been trained to do otherwise, the County's hearing officers accept nothing more than "attorney argument" that: (a) the owner of the seized vehicle was arrested for a DWI offense and (b) that the owner had a previous DWI offense, as a sufficient basis upon which to enter an order directing the County to retain continuing possession of seized vehicles.

54. Without *any* records or evidence having been produced, entered as evidence, or even shown to a vehicle owner or their counsel, the County's hearing officers then order the County to retain continuing possession of seized vehicles, based *entirely* upon *attorney argument alone*, in direct violation of the Court's decision in Boyle. *See* Boyle v. County of Suffolk, 2010 WL 4340637 (2010) at page 3 ("But the County's burden was to establish that it was necessary to retain Mr. Boyle's car by a preponderance of the evidence, not a preponderance of attorney argument, and attorney argument is not evidence"). *See, e.g.,* Innamorato v. County of Suffolk, U.S.D.C. E.D.N.Y. 23-cv-6573; *See also* a transcript of Innamorato's retention hearing annexed hereto as Exhibit "F."

55. As reflected within the transcript of that hearing (Exhibit "F"), the County's hearing officer ordered the County to retain continuing possession of the vehicle at issue without the County having offered, marked for identification, or entered any evidence, whatsoever, at such retention hearing.

56.    The County maintains the position that if there is evidence "in the room" at a Krimstock hearing, that is sufficient for the County to meet its burden under Krimstock, even if no evidence was: (a) entered at the hearing, (b) shown to the hearing officer, or even (c) shown to the vehicle owner or their attorney. *See* Exhibit "G" annexed hereto, at page 3, first full paragraph, where the County attorney represents to the U.S.D.C. E.D.N.Y. that they had met their Krimstock burden at Innamorato's Krimstock hearing because a "felony complaint certified by the police department" and "the Certificate of Disposition about a prior DWI offense" "*were present at the hearing*."

57.    Upon information and belief, this was not an isolated incident, but is the general practice of the County's hearing officers.

58.    The County hearing officer in that hearing had presided over hundreds of such hearings, and the Assistant County Attorney who represented the County had handled dozens, if not hundreds, of hearings before that hearing officer, and both are believed to have followed that same practice at such hearings, whereat the County is permitted to present its entire case based upon attorney argument *alone*.

> (ii)    The Hearing Officers do not Require the County to
> Prove that they meet all three prongs of the Krimstock Test
> And Shift the Burden of Proof onto Vehicle Owners

59.    Even when the County *does* introduce evidence at such Krimstock hearings, it only produces evidence to establish that it meets the first two prongs of the Krimstock test, and the County's hearing officers then order the County to retain continuing possession of seized vehicles, without requiring the County to introduce any evidence regarding the third prong.

60.     The United States District Court in the Eastern District of New York explicitly ruled in Boyle v. County of Suffolk, 2010 WL 4340727, E.D.N.Y. 10-cv-3606: (a) that under the third prong of Krimstock, the County must prove by a preponderance of the evidence it introduces at a Krimstock retention hearing, that "it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture;" and (b) that the County must prove that they meet that third prong based upon actual evidence submitted into the record, as opposed to based upon "attorney argument."

61.     But despite the fact that Boyle was handed down more than a decade ago, the County has simply ignored that decision and has continued to do what the Court had found to be Unconstitutional by offering the very same limited evidence that the Court found insufficient to meet the County's burden in Boyle.

62.     Instead of changing their practices to now require the County to prove that it meets the third prong of Krimstock, the County's hearing officers have, instead, *shifted the burden of proof to vehicle owners to prove that the County **does not** meet the third prong*.

63.     By way of example, in a Krimstock hearing held on March 8, 2024, concerning a vehicle owned by Endy Canales, the County offered essentially the same evidence that it had offered in the Boyle hearing, after which it (a) asserted that it had met its burden under Krimstock, and (b) repeatedly advised the Court that it wanted to give possession of the vehicle back to Mr. Canales, but that it was prevented from doing so because Mr. Canales would not agree to install an interlock device. A true copy of excerpts from the transcript of that hearing is annexed hereto as Exhibit "H."

64.     Despite the fact that the County had not alleged, much less offered evidence to establish that it was necessary that the vehicle remain impounded to ensure its availability for forfeiture, the hearing officer essentially ruled that she "could not assume that the vehicle owner had no intention of moving from the jurisdiction and taking the vehicle with him" - - thereby shifting the burden of proof from the County, onto the vehicle owner, which violates the clear mandates of <u>Krimstock</u>.

65.     The County did not assert, much less offer evidence to establish, that the vehicle owner intended to remove his vehicle from the jurisdiction, or that retention was necessary to prevent same, *but instead offered the following on the record*:

> "Very simply, your Honor, we want to return the vehicle to Mr. Canales, and I don't know how we're going to be able to do that at this juncture."
>
> *See* Exhibit "H" at page 40, lines 3-7

> "As much as we want to return the vehicle, this Court, in this hearing, may be required to have it retained, at least until they find a way to have an interlock device installed."
> *See* Exhibit "H" at page 50, lines 7-11

66.     Since the County did not assert, much less try to prove, that they met the third prong of <u>Krimstock</u> (i.e., that continued retention was necessary), the hearing officer "shifted the burden of proof" for the third prong onto the vehicle owner, and ruled that she could not assume that he would not leave the jurisdiction and take the vehicle with him *See* Exhibit "H" page 60 line 10 through page 62 line 2.

(iii)   The Hearing Officers Order the County to Retain Continuing
Possession of Seized Vehicles, in Cases Within Which the County
Possesses no Legal Authority to Seek Forfeiture of Same

67.   Under the second prong of the Krimstock test, hearing officers cannot direct
seizing municipalities to retain continuing possession of seized vehicles unless the municipality
proves, by a preponderance of the evidence, that the municipality is likely to prevail in a civil
forfeiture proceeding which must be timely filed after the Krimstock hearing.

68.   But having not been properly trained or supervised by the County, the County
appointed hearing officers direct the County to retain continuing possession of seized vehicles in
cases where the County is not merely *unlikely* to prevail in a forfeiture proceeding but is *legally
prohibited* from prevailing in such a proceeding, due to the fact that either: (a) the vehicle is
owned by an innocent owner who was not the person arrested, or (b) there is another innocent
party, such as a lessee, who was not the person arrested.

69.   Where, as in the present case, an innocent lessee is not the person arrested for
DWI, the County has no legal authority to seek forfeiture of his vehicle unless it can prove that
he took affirmative acts to aid and abet the commission of the underlying DWI offense.

70.   The sole basis of authority under which the County may pursue civil forfeiture of
a motor vehicle based upon the arrest of a person for DWI who was operating such vehicle, is
Suffolk County Code Chapter 420, Section §420-7, a true copy of which is annexed as Exhibit
"I."

71.     Under Section §420-7, the Suffolk County Legislature empowered the County to pursue civil forfeiture of property that constitutes "the proceeds of an offense, the substituted proceeds of an offense, or an instrumentality of an offense." See Exhibit "I" at Section 420-7(A.)

72.     However, the County explicitly limited that authority to permit forfeiture only in cases in which there is no innocent owner or other innocent person holding an interest in such property.

73.     More specifically, subsection §420-7(G) explicitly provides:

> "No property shall be forfeited under this article unless the claiming authority produces clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant . . ."
>
> *See* Exhibit "I" at page 2, §420-7(G)

74.     Instead of defining "noncriminal defendant," Chapter 420 incorporates CPLR Article 13A (420-7(F)), which defines a noncriminal defendant as follows:

> "10.    Noncriminal defendant means a person, other than the defendant, who possesses an interest in the proceeds of a crime, substituted proceeds of a crime, or instrumentality of a crime."
>
> CPLR §1310(10)

75.     As the lessee of his vehicle, who has merely loaned his vehicle to his son, the Plaintiff would be a noncriminal defendant in any civil forfeiture action under Suffolk County Code Chapter 420, whose existence precludes the County from possessing any authority to pursue forfeiture of his vehicle.

76.     Despite same, a County-appointed hearing officer directed the County to retain continuing possession of the Plaintiff's vehicle, without requiring the County to introduce evidence that the County has the legal authority to pursue forfeiture of his vehicle, much less that they would prevail in any such action.

77.    In fact, knowing full well that the County has no legal authority to pursue forfeiture of his vehicle, the County has not filed any action seeking forfeiture of the Plaintiff's vehicle but has just continued to retain it without affording the Plaintiff due process.

78.    As a result of the County having failed to both properly train and supervise its hearing officers, county attorneys, and other employees, the Plaintiff herein was deprived of a Krimstock hearing, and is being deprived of his vehicle, and both the use and possession of same, of which he is being deprived on a continuing basis, in direct violation of rights to due process.

## Monell Liability

79.    The constitutional violations described herein have arisen due to the County's failure to train and supervise its hearing officers, Assistant County Attorneys, and other agents and employees of the County.

80.    Contemporaneously, the constitutional violations described herein were carried out under the actual policies, practices, and procedures of the County, as enacted, adopted, and/or carried out by the final decision-makers for the County.

81.    Moreover, the County's continued failure to implement procedures consistent with the federal courts' rulings in Krimstock, its progeny, and Boyle, among others, amounts to deliberate indifference to persons possessing interests in motor vehicles seized and retained by the County.

82.     Accordingly, the County is a person liable to the Plaintiff under 42 U.S.C. §1983, and the Plaintiff is entitled to obtain relief against the County for compensatory damages, declaratory and injunctive relief, and costs of bringing this action, including attorneys' fees and any expert fees he incurs, pursuant to 42 U.S.C. §1988.

83.     In addition, since the constitutional violations were carried out by the County's hearing officer, that being the person whose sole function was to ensure that the Plaintiff was afforded due process consistent with Krimstock, the Plaintiff is not required to pursue any possible remedies afforded under state law as a pre-requisite to the commencement of this action.


**CLAIM FOR RELIEF**
**COUNT I**
**(Procedural Due Process – 42 U.S.C. § 1983)**

84.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

85.     As described herein above, the defendant, County of Suffolk, seized a 2022 Chevrolet bearing Vehicle Identification Number (VIN) 3GCDFET2NG551884.

86.     At all times described herein, Plaintiff held a valid lease under which Plaintiff possessed, and possessed clearly established property rights to lease, use, possess, and operate his motor vehicle without unlawful deprivation of his rights to same by the County.

87.     As described hereinabove above, the County has deprived Plaintiff of his vehicle, and continues to deprive Plaintiff of his vehicle, without affording him due process, in violation of his rights under the 5th and 14th Amendments to the United States Constitution.

88.     The County has not afforded the Plaintiff a prompt-post seizure hearing at which to challenge the County's authority to retain the Plaintiff's vehicle on a continuing basis.

17

89.    On **January 23, 2024**, Plaintiff served a written demand upon the defendant for the immediate release of his vehicle. A copy of such written demand is annexed as Exhibit "J."

90.    The Plaintiff served that demand upon the defendant by Registered Mail, Return Receipt requested, and it was received by the defendant on **January 25, 2024, at 10:22 AM**. *See* Exhibit "K" annexed hereto, which confirms receipt of same.

91.    Upon receiving the Plaintiff's demand for the release of his vehicle, the defendants' agents responded by going to one of the Count-appointed hearing officers *the very next day*, and persuading the hearing officer to issue a "determination" ordering the County to retain the Plaintiff's vehicle "pending resolution of a forfeiture proceeding" – *See* Exhibit "C" which states that a hearing was conducted on **January 26, 2024**, that being the day after the County received the Plaintiff's written demand for the release of his vehicle.

92.    But the County has not commenced any civil forfeiture proceeding in any Court despite having seized his vehicle more than three months ago, in further violation of the Plaintiff's rights to due process, which, as articulated in Krimstock, requires seizing municipalities to commence any such forfeiture proceedings within a reasonable time.

93.    The reason that the County has not commenced any action seeking forfeiture of the Plaintiff's vehicle, is that the agents of the County affirmatively know that they cannot lawfully pursue forfeiture of his vehicle due to the constraints set forth within section §420-7(G) of the County's own Code.

94.    Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, inclusive of compensatory damages, injunctive and declaratory relief, and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**COUNT II**

**(Declaratory Judgment and Permanent Injunction)**

95.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

96.     Despite numerous Court decisions that such policies, practices, and procedures violate the Due Process Clause of the Fourteenth Amendment as articulated in Krimstock, the County has continued and continues to maintain its constitutionally infirm policies, practices, and procedures as set forth above.

97.     An ongoing controversy exists as a result of the County's ongoing refusal and failure to comply with the dictates of the Fourteenth Amendment as described herein.

98.     This has affected Plaintiff and countless others in the past and will undoubtedly continue to affect others in the future.

99.     As such, there is an ongoing controversy over which this Court possesses jurisdiction.

100.     Accordingly, Plaintiff seeks a declaratory judgment, adjudging and declaring that the County's practices, as described above, are unconstitutional on their face and as applied by the County.

101.     In addition, Plaintiff seeks permanent injunctive relief prohibiting the County from continuing its constitutionally infirm practices described herein.

**COUNT III**

**(Procedural and Substantive Due Process – 42 U.S.C. §1983)**

102.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

103.    Given the language of Chapter 420 and Plaintiff's innocence of any wrongdoing in connection with the alleged criminal use of his vehicle, the defendant and its agents are acutely aware that they possess no lawful basis upon which to continue to deprive him of the use and possession of his vehicle.

104.    By persistently violating the rights of vehicle owners, inclusive of the Plaintiff, by failing and refusing to comply with the due process requirements made crystal clear in Krimstock, and applying Chapter 420 in a manner contrary to the clearly expressed intention of the Suffolk County Legislature, the County consistently violates the right to substantive due process of innocent persons holding interests in motor vehicles which the County has seized.

105.    As such, the County's continuing and persistent unconstitutional conduct shocks the conscience and violates Plaintiff's procedural and substantive due process rights.

106.    Accordingly, pursuant to 42 U.S.C. §1983, the Plaintiff is entitled to relief in the form of a declaratory judgment adjudging and declaring that the County's actions as described herein violate the Plaintiff's rights to procedural and substantive due process and is additionally entitled to an award of damages, costs and attorneys' fees pursuant to 42 U.S.C. §1988.

**COUNT IV**

**("As Applied" Constitutional Challenge to Chapter 420)**

107.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

108.    As set forth above, the provisions of Chapter 420 of the Suffolk County Code expressly limit the County's authority to pursue civil forfeiture of personal property.

109.    The limitations set forth in Chapter 420 expressly prohibit the County from subjecting the Plaintiff's vehicle to any claim for civil forfeiture because the Plaintiff is an innocent person who possesses an immediate right to use and possession of such vehicle, who did not "engage in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant."

110.    To the extent that the County has invoked Chapter 420 as the basis for its right to pursue forfeiture of the Plaintiff's vehicle, as reflected in the determination the County obtained from its hearing officer on January 26, 2024, any such application of Chapter 420 would be unconstitutional as applied against the Plaintiff, because the Plaintiff was afforded no notice that his property interests in the vehicle would be forfeited in the absence of affirmative conduct on his part, in which he affirmatively aided, abetted or facilitated the commission of any criminal offense.

111.    On the contrary, the express limitations on the County's authority to pursue civil forfeiture effectively give notice to innocent owners who have not engaged in wrongful behavior that their property is not subject to forfeiture.

112.    By applying such a County code provision to seek forfeiture of the Plaintiff's interests, the County has applied Chapter 420 in an unconstitutional manner, which violates the Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

113.    As such, it is unconstitutional for the County to apply Chapter 420 in this way, as it deprives Plaintiff of his property with no notice that the Vehicle would be subject to forfeiture.

114.    Based upon the foregoing, Plaintiff is entitled to a declaratory judgment, declaring and adjudging that Suffolk County Code Chapter 420 is unconstitutional as applied by the County to Plaintiff in violation of his rights to due process.

115.    Accordingly, Plaintiff is entitled to relief pursuant to 42 U.S.C. §1983 and an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff and against the County as follows:

### COUNT I

### (Procedural Due Process – 42 U.S.C. §1983)

1.    Awarding Plaintiff compensatory damages against the County in the amount of $100,000, or such other amount as is proven at trial herein;

2.    The issuance of an order directing the defendant to immediately release the Plaintiff's vehicle to the Plaintiff;

3.    Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §1988(b);

4.    Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

5.    Such other and further relief as the Court may deem just and proper.

## COUNT II

### (Declaratory Judgment and Permanent Injunction)

1. Adjudging and declaring that the County's practices described above are violative of the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution;

2. Permanently enjoining the County from continuing to carry out such practices to the extent that they violate due process;

3. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b);

4. Awarding Plaintiff any and all expert fees incurred by Plaintiff, pursuant to 42 U.S.C. §1988(c); and

5. Such other and further relief as the Court may deem just and proper.

## COUNT III

### (Procedural and Substantive Due Process – 42 U.S.C. §1983)

1. Awarding Plaintiff compensatory damages against the County in the amount of $100,000, or such other amount as is proven at trial herein;

2. The issuance of an order directing the defendant to immediately release the Plaintiff's vehicle to the Plaintiff;

3. Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §1988(b);

4. Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

5. Such other and further relief as the Court may deem just and proper.

## COUNT IV

### ("As Applied" Constitutional Challenge to Chapter 420)

1.      Awarding Plaintiff compensatory damages against the County in the amount of $100,000, or such other amount as is proven at trial herein;

2.      The issuance of an order directing the defendant to immediately release the Plaintiff's vehicle to the Plaintiff;

3.      Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §1988(b);

4.      Awarding Plaintiff any and all expert fees incurred by Plaintiff pursuant to 42 U.S.C. §1988(c); and

5.      Such other and further relief as the Court may deem just and proper.

Dated:  Merrick, New York
       April 9, 2024                Yours etc.,
                                 Campanelli & Associates, P.C.

                                 /s/  Andrew J. Campanelli
                By:    Andrew J. Campanelli
                     *Attorneys for Plaintiff*
                     1757 Merrick Avenue, Suite 204
                     Merrick, New York 11566
                     (516) 746-1600
                     ajc@campanellipc.com